

FILED
NOV 22 2011
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

QUINTIN IRVING BROWN,

    Petitioner,

v.                                     Case No. 2:11cv83

ROY W. CHERRY, Superintendent, et al.,

    Respondents.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

The petitioner, Quintin Irving Brown, pled guilty and was convicted in the Circuit Court of the City of Newport News of uttering on September 9, 2009. On November 16, 2009, Brown was sentenced to serve a term of ten years in prison, with eight years suspended. Brown did not appeal his conviction.

On March 15, 2010, Brown filed a petition for a writ of habeas corpus with the Circuit Court for the City of Newport News. On January 31, 2011, the Circuit Court denied and dismissed this petition, partly on procedural default grounds and partly on the merits. Brown did not appeal this ruling to the Supreme Court of Virginia.

On October 7, 2010, while his initial habeas petition was still pending with the Circuit Court, Brown filed a separate petition for a writ of habeas corpus with the Supreme Court of Virginia. The Supreme Court dismissed this petition as moot on February 1, 2011, the day after Brown's earlier petition was denied and dismissed by the Circuit Court for the City of Newport News. On April 27, 2011, the Supreme Court denied Brown's petition for a rehearing.

On February 1, 2010, while in the custody of the Virginia Department of Corrections at the Deerfield Correctional Center, Brown submitted for filing the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] ECF No. 1. On June 30, 2011, the respondent filed his Rule 5 answer, a motion to dismiss accompanied by a supporting brief, and a Roseboro notice pursuant to Local Civil Rule 7(K). ECF Nos. 19-22. On July 22,

---

[1] Brown's petition was received and docketed in this Court on February 10, 2010, but the petition includes a declaration that it was deposited in the prison mail system on February 1, 2010, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.

2011, the Court received and filed Brown's reply to the motion to dismiss. ECF No. 25.

### B. Grounds Alleged

Brown now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because:

(a) His conviction was obtained in violation of the privilege against self-incrimination;

(b) The grand jury which indicted him was unconstitutionally selected and impaneled;

(c) He was denied effective assistance of counsel, resulting in an unlawfully induced plea of guilty;

(d) He was denied the effective assistance of counsel, resulting in a denial of his right of appeal;

(e) The General District Court, the grand jury, and the Circuit Court lacked jurisdiction; and

(f) The prosecution unconstitutionally failed to disclose evidence favorable to the defendant.

Brown asserted claims (a), (b), (c), and (d) in his initial state habeas petition to the Circuit Court of the City of Newport News, which denied claims (c) and (d) on the merits and found claims (a) and (b) to be procedurally barred because Brown failed to raise them at trial or on direct appeal from his conviction. Brown asserted claims (a), (b), (c), (d), and (e) in a subsequent state habeas petition filed directly with the Supreme Court of

Virginia, which dismissed this second state habeas petition as moot. Brown has not previously raised claim (f).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Claims Asserted in Brown's Initial State Habeas Petition

Ordinarily, a federal court will not review a claim that is procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Notwithstanding procedural default, a federal court may review habeas claims where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claims will result in a fundamental miscarriage of justice. Id.; Thomas v. Davis, 192 F.3d 445, 450 n.2 (4th Cir. 1999).

Brown asserted claims (a), (b), (c), and (d) in his initial state habeas petition, filed with the Circuit Court of the City of Newport News. That court denied claims (c) and (d) on the merits and found claims (a) and (b) to be procedurally barred. But Brown failed to appeal this adverse disposition by the Circuit Court to the Supreme Court of Virginia. "[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986); see also Mason v. Procunier,

748 F.2d 852, 853 (4th Cir. 1984). Claims (a), (b), (c), and (d) are therefore procedurally defaulted.

Brown attempts to invoke the cause and prejudice exception to procedural default. Brown claims to have submitted a notice of appeal from his criminal conviction to the Circuit Court for the City of Newport News, but the criminal trial court failed to note this appeal. Brown asserts that this failure of the criminal trial court to note his appeal and appoint counsel to represent him on direct appeal of his criminal conviction serves as cause for default. The procedural default at issue here, however, is in Brown's failure to appeal his subsequent <u>state habeas petition</u> from the habeas trial court to the Supreme Court of Virginia, not his failure to appeal his criminal conviction from the criminal trial court to the Court of Appeals of Virginia. The alleged failure of the criminal trial court to note his direct appeal and appoint counsel to represent him is simply unrelated to his failure to appeal his state habeas petition to the Supreme Court of Virginia, and therefore does not constitute cause for default.

The Court FINDS that claims (a), (b), (c), and (d) are procedurally defaulted. The Court further FINDS that, with respect to these claims, Brown has failed to establish cause and prejudice,

and he has neither alleged nor established miscarriage of justice.[2] Accordingly, the Court recommends that the petition be denied with respect to claims (a), (b), (c), and (d).

### B. Brown's "Jurisdictional" Claim

In claim (e), Brown asserts that a writ of habeas corpus should issue because the Circuit Court of the City of Newport News lacked jurisdiction pursuant to Va. Code § 16.1-241(J). This Virginia statute provides that the Juvenile and Domestic Relations Court has "original exclusive jurisdiction" to determine probable cause with respect to "[a]ll offenses in which one family or household member is charged with an offense in which another family or household member is a victim." Va. Code § 16.1-241(J). Brown's conviction for uttering arises from his use of his brother's name to cash forged checks.

Brown notes that the probable cause determination underlying his uttering conviction was made by the Newport News General District Court. Brown was subsequently indicted by a grand jury and then convicted and sentenced by the Circuit Court on a plea of guilty. Brown contends that his conviction and sentence now should be set aside because his preliminary hearing was held by the General District Court rather than the Juvenile and Domestic Relations Court.

---

[2] It is the petitioner's burden to raise these issues. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000); Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998).

"[I]t is axiomatic that [a federal court] may grant the writ of habeas corpus upon the ground of lack of jurisdiction in the sentencing court." Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (citing Ex parte Seibold, 100 U.S. 371, 375 (1879)). But despite the particular language used in the statute cited by Brown, "[i]n Virginia, a preliminary hearing in an adult criminal case is merely a procedural requirement, not jurisdictionally significant." Nottingham v. Zahradnick, 573 F.2d 193, 194 (4th Cir. 1978) (per curiam). Indeed, the statute itself makes it clear that this preliminary hearing is merely a procedural requirement that can be waived. See Va. Code § 16.1-241(J) ("Any objection based on jurisdiction under this subsection shall be made before a jury is impaneled and sworn in a jury trial . . . or it shall be conclusively waived for all purposes."); see also Nottingham, 573 F.2d at 195 ("Because the hearing is waivable in one form, the provision could not be jurisdictional . . . ."). Federal habeas review is available to state prisoners only for claims involving the "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims concerning the violation of state procedural rules alone are not cognizable on federal habeas review. See Wright, 151 F.3d at 157; Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978).

Accordingly, the Court FINDS that claim (e) is not cognizable on federal habeas review because it asserts the violation of a

state procedural rule only. The Court therefore recommends that the petition be denied with respect to claim (e).

### C. Brown's Brady Violation Claim

In claim (f), Brown asserts that his "[c]onviction [was] obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." Beyond this conclusory statement, Brown articulates no facts or legal arguments in support of this claim. Indeed, Brown did nothing more than circle one of several lines in a list of "frequently raised grounds for relief" provided on a preprinted habeas petition supplied by the Court.[3] "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." Baker v. United States, No. 3:10cv762, 2011 WL 3841690, at *12 (E.D. Va. Aug. 30, 2011) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)); see also Brown v. Allen, 344 U.S. 443, 458 n.6 (1953) ("As the burden of overturning the conviction rests on the applicant, he should allege specifically, in cases where material, the uncontradicted evidentiary facts appearing in the record upon which is based his allegation of denial of constitutional rights.").

Accordingly, the Court FINDS that the petitioner has failed to allege specific facts necessary to support the otherwise conclusory

---

[3] The form itself warned the petitioner that "[i]f you select one or more of these grounds for relief, you must allege facts." Pet. 1, ECF No. 1.

allegations of claim (f). The Court therefore recommends that the petition be denied with respect to claim (f).

### III. CONCLUSION

Brown's claims (a), (b), (c), and (d) are procedurally defaulted in state court pursuant to an independent and adequate state rule, and, in the absence of any showing of cause and prejudice or miscarriage of justice, they are likewise procedurally defaulted in this Court. Brown's claim (e) is not cognizable in federal habeas review. Brown fails to allege specific facts necessary to support the otherwise conclusory allegations of claim (f). The Court therefore recommends that the instant petition be denied and dismissed with prejudice.

### IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the respondent's motion to dismiss (ECF No. 19) be GRANTED, Brown's petition for writ of habeas corpus (ECF No. 1) be DENIED, and all of Brown's claims be DISMISSED WITH PREJUDICE.

### V. REVIEW PROCEDURE

By copy of this report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this

report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 22, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing United States Magistrate Judge's Report and Recommendation was mailed this date to the following:

Quintin Irving Brown, #1146667
Pocahontas State Correctional Center
P.O. Box 518
Pocahontas, VA  24635-0518

Joshua M. Didlake, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA  23219

                                        Fernando Galindo,
                                        Clerk of Court

                                 By:    _____
                                        Deputy Clerk

                                        November 22, 2011