

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

QUINTIN IRVING BROWN,

    Petitioner,

v.                                                   Case No.: 2:11cv83

ROY W. CHERRY, Superintendent, et al.,

    Respondents.

**<u>FINAL ORDER</u>**

This case was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the City of Newport News, Virginia, for uttering, as a result of which he was sentenced to serve a term of ten years in prison, with eight years suspended.

As a preliminary matter, the Court notes that the petitioner has timely filed written objections (ECF No. 28) to the magistrate judge's order of August 25, 2011 (ECF No. 27), which denied several non-dispositive motions by the petitioner: a motion for discovery, a motion to expand the record, a motion for an evidentiary hearing, a motion to compel, and a motion to strike. Having reviewed the record, the Court FINDS that these non-dispositive pretrial rulings by the magistrate judge are neither clearly erroneous nor contrary to law. <u>See</u> Fed. R. Civ. P. 72(a). Accordingly, the petitioner's objections with respect to the magistrate judge's order of August

25, 2011, are OVERRULED.

On June 30, 2011, the respondent filed a motion to dismiss Brown's habeas petition. ECF No. 19. The motion to dismiss was referred to a magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on November 22, 2011, recommending that the petition be denied and dismissed. ECF No. 29. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On December 19, 2011, the Court received and filed the petitioner's written objections.[1] ECF No. 30. The respondent filed no response to the

---

[1] On December 19, 2011, the Court received a document from the petitioner dated December 6, 2011, and postmarked December 15, 2011. ECF No. 30. This document was styled "Motion for Relief / to Rescind," and it purported to seek relief from the magistrate judge's report of November 22, 2011, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id. But "Rule 60(b) affords relief only from a judgment, order, or proceeding which is final. . . . Rule 60(b) [is] not available for relief from an interlocutory order." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) (emphasis in original). At the time of the document's filing, there simply was no final order yet in this case. In light of the petitioner's pro se status and the draconian result of construing the document as a motion for relief from a nonexistent final order pursuant to Rule 60(b) rather than written objections to the report of a magistrate judge pursuant to Rule 72, the Court will construe this document to be the petitioner's written objections to the magistrate judge's report.

petitioner's objections.

Citing Holly v. Smith, 280 F.2d 536 (4th Cir. 1960), the petitioner suggests that this court has "abdicated [its] responsibility" by deferring blindly to determinations of the Virginia state courts without undertaking its own evaluation of the factual and legal merits of the petitioner's claims.[2] But Holly is inapposite. It addressed a scenario in which the state habeas court resolved the petitioner's claims on their merits and the district court simply relied on the state habeas court's decision without conducting its own review of the record to determine whether the petitioner's criminal conviction was in violation of the "Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Here, the magistrate judge's report does not rely on the determination of a state habeas court with respect to the merits of the petitioner's claims, but rather on the magistrate judge's own determination that the petitioner's claims (a), (b),

---

The Court further notes that the petitioner's objections were received and filed 10 days late on December 19, 2011. See generally Fed. R. Civ. P. 6(a). The petitioner failed to effectively invoke the prison mailbox rule by including a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement that his written objections were deposited in the prison mail system on or before December 9, 2011, so his written objections were untimely filed. See R. 3(d) foll. 28 U.S.C. § 2254. The Court nevertheless will exercise its discretion and consider the petitioner's objections on their merits.

[2] The petitioner appears to quote or paraphrase a West headnote to the reported case opinion, but the court's language upon which this headnote is based can be found at pages 542-43 of the reported case opinion. See Holly, 280 F.2d at 542-43.

(c), and (d) are procedurally barred from federal review by his failure to appeal the adverse decision of the state habeas trial court to the Supreme Court of Virginia. Accordingly, this objection by the petitioner to the magistrate judge's report is OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims, all of which are either noncognizable on federal habeas review or procedurally barred by the petitioner's failure to appeal the state habeas trial court's decision to the state supreme court. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record and examined the objections filed by the petitioner, and having made de novo findings with respect to the portions objected to, the findings and recommendations set forth in the report of the magistrate judge filed on November 22, 2011, are hereby ADOPTED AND APPROVED with the following modifications, see 28 U.S.C. § 636(b)(1), which are not material to the Court's decision: at page 2, line 16, strike the words "Deerfield Correctional Center" and insert the words "Hampton Roads Regional Jail."

It is hereby ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that the respondent's motion to dismiss (ECF No. 19) be GRANTED.

- 5 -

It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, the Court declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner.

                 /s/
             Henry Coke Morgan, Jr.
             Senior United States District Judge

             UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 3rd, 2012